# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

DECARLA NETTERVILLE                           CIVIL ACTION NO. 15-1832

VERSUS                                        JUDGE S. MAURICE HICKS, JR.

COMMONWEALTH LAND TITLE                       MAGISTRATE JUDGE HORNSBY
INSURANCE CO., ET AL.

## MEMORANDUM RULING

Plaintiff, DeCarla Netterville ("Netterville"), filed this action against the United States (the "Government") and others alleging that the Government improperly and illegally acquired a Warranty Easement Deed (the "Deed") over a portion of property. Netterville seeks to have her property released from the Government's easement. Netterville also seeks damages, including lost income due to restrictions on growing crops contained within the Deed.

Before this Court is Defendant, Lauren Gay Coleman's ("Coleman") Motion for Summary Judgment. See Record Document 79. Coleman asserts that she did not act as the settlement agent for the 1997 sale by James W. Davis ("Davis"), Netterville's father, that established a permanent easement in favor of the Government. Thus, Coleman contends that she is not liable for damages caused by the permanent encumbrance of Netterville's property. After careful consideration of all parties' submissions, and the law applicable before the Court, Coleman's Motion for Summary Judgment (Record Document 79) is **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

Netterville alleges that, on or about April 1, 1997, the Deed was executed between Davis and the Government under the Wetlands Reserve Program. See Record Document

79-7. In the Deed, Davis purported to permanently encumber 670.3 acres in favor of the Government in exchange for $422,300. See Record Document 1 at 2, ¶ 4.

Netterville contends that Davis was not the rightful owner of a "substantial portion" of that property, which was owned instead by the Alvern Adams Davis Trust ("the AAD Trust"). See id. at 3, ¶ 6. Netterville was the sole principal beneficiary of the AAD Trust. See id. Upon the death of her father, the AAD Trust terminated, and Netterville became the owner of the Trust's assets. See id. Netterville contends that any encumbrance placed upon the real property formerly contained within the Trust is "absolutely null and void." Id. at ¶ 7.

Netterville alleges that she first learned of the "fraudulent and erroneous encumbrance/sale" in September 2014 when her husband learned that the property had been placed in the Wetlands Reserve Program by her father. Id. at 4, ¶ 10.

The first cause of action asserted by Netterville was against Commonwealth Land Title Insurance Company ("Commonwealth") and Fidelity National Title Group ("Fidelity"). Netterville alleges that Commonwealth/Fidelity performed the title abstract on the subject property and provided a policy of title insurance. However, on December 27, 2016, Netterville's Motion to Dismiss With Prejudice the claims asserted by her against Fidelity was granted. See Record Document 35. Furthermore, on March 18, 2018, Netterville's Motion to Dismiss Without Prejudice the claims asserted by her against Commonwealth was granted. See Record Document 96.

Netterville's second cause of action was asserted against the Government. On December 20, 2017, the Court adopted the Magistrate Judge's Report and

Recommendation granting the Government's Motion to Dismiss for lack of subject matter jurisdiction. See Record Document 90.

On February 15, 2017, Netterville filed a Second Supplemental Complaint adding two additional Defendants: Abstracting and Legal Research, Inc. ("Abstracting") and Coleman. See Record Document 39. Netterville contends that Coleman acted as the settlement agent for the April 1, 1997 Deed. See Record Document 39 at 2, ¶ 28. Furthermore, Netterville alleges that Abstracting performed the title abstract for the Deed. Therefore, Netterville contends that because Davis was not the rightful owner of a substantial portion of the property encumbered by the Deed, Coleman and Abstracting are liable to her for damages. See id. at 3, ¶ 31. However, on November 22, 2017, Netterville's Motion to Dismiss Without Prejudice the claims asserted by her against Abstracting was granted. See Record Document 89.

Accordingly, the only remaining party to the suit is Coleman, who has filed this present Motion for Summary Judgment. The crux of this dispute concerns whether Coleman served as the settlement agent on the 1997 Deed. First, Coleman argues that she did not act as the settlement agent and performed no work in connection with the transaction. See Record Document 79-2 at 3. Therefore, Coleman contends that she is not liable to Netterville for damages associated with the transaction. See id. Rather, Coleman argues that the evidence supports that her then husband and law partner, William F. Henderson ("Henderson"), was the settlement agent. Next, Coleman argues that even if Netterville could create an issue of fact as to Coleman's involvement, any possible claims against her are barred by the applicable prescriptive and peremptive periods. See id.

Netterville argues that there exists issues of material fact in that:

(1) Coleman is listed as settlement agent for the 1997 Deed on the settlement statement;

(2) the settlement location for the 1997 Deed was 3600 Jackson Street Ext., Suite 1119, Alexandria, Louisiana, the exact location of Coleman's office at the time;

(3) Coleman admits that Henderson applied to close the transaction using her business name, Lauren Gay Coleman, Attorney at Law LLC; and

(4) Coleman admits that she and Henderson were married at the time and practiced law together.

See Record Document 91 at 4-5. Thus, Netterville contends that the evidence clearly suggests that there exists a genuine issue of material fact as to whether Coleman acted as the settlement agent for the 1997 Deed, which would preclude the Court from granting Coleman's Motion for Summary Judgment. See id.

Accordingly, the question before the Court is whether there exists a genuine issue of material fact as to Coleman serving as the settlement agent for the 1997 transaction. If the Court finds that a genuine issue is present, the Court will analyze Coleman's prescription/preemption argument.

## LAW AND ANALYSIS

**I.  Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. This Rule provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Also, "a party asserting that a fact cannot be or is genuinely disputed must support the motion by citing to particular parts of materials in the

record, including . . . documents, electronically stored information, affidavits or declarations . . . interrogatory answers, or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment." Fed. R. Civ. P. 56(e)(3).

In a summary judgment motion, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings . . . [and] affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (internal quotations and citations omitted). If the movant meets this initial burden, then the non-movant has the burden of going beyond the pleadings and designating specific facts that prove that a genuine issue of material fact exists. See id. at 325, 106 S. Ct. at 2554; see Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). A non-movant, however, cannot meet the burden of proving that a genuine issue of material fact exists by providing only "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." Little, 37 F.3d at 1075. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" for the plaintiff to meet his burden. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 2512 (1986). The plaintiff must offer evidence on which the jury could reasonably find for the plaintiff. Id. at 252, 106 S. Ct. at 2512.

Additionally, in deciding a summary judgment motion, courts "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is when both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075. Courts "do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Id.

II. **Whether Netterville has offered evidence that creates a genuine issue of material fact as to whether Coleman served as the "settlement agent" on the 1997 Deed.**

As the moving party, Coleman bears the initial burden of showing that there is no genuine issue as to any material fact. See Fed. R. Civ. P. 56(a). Moreover, Coleman must support her Motion for Summary Judgment "by citing to particular parts of materials in the record, including . . . documents, electronically stored information, affidavits or declarations . . . interrogatory answers, or other materials; or showing that the materials cited do not establish the absence or presence of a genuine issue, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

In the present action, Coleman offers a sworn declaration and a Response to Plaintiff's Interrogatory No. 7 attesting that she:

(1) did not perform work on the transaction is between Davis and the Government,

(2) did not review or supervise the work done by Henderson,

(3) did not notarize any document or attend the closing,

(4) did not issue a title policy related to the Deed,

(5) did not review any abstract, conveyance or mortgage records, and

(6) did not prepare a title opinion or perform any closing services.

Record Document 79-4; Record Document 91-3 at 4-5. Furthermore, to support these statements and her Motion for Summary Judgment, Coleman attaches three documents:

(1) the settlement statement, which bears Henderson's signature,

(2) a title insurance policy issued by Commonwealth to the Government covering the interest it acquired in the Deed, which bears Henderson's signature as issuing agent, and

(3) the Deed, which shows that Henderson acted as notary for Davis in his execution of the Deed.

See Record Documents 79-5, 79-6, and 79-7. Accordingly, the Court finds that Coleman has met her initial burden of showing there is no genuine issue of material fact as to whether she served as the settlement agent.

Now, as the non-movant, Netterville bears the burden of going beyond the pleadings and designating specific facts that prove that a genuine issue of material fact exists. See Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986); see Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). As indicated supra, Netterville relies on the fact that Coleman's name is typed on the HUD-1 settlement statement next to the settlement agent section to create a genuine issue of material fact. See Record Document 79-5. Furthermore, Netterville relies on the settlement location for the 1997 Deed being 3600 Jackson Street Ext., Suite 1119, Alexandria, Louisiana, the exact location of Coleman's office and the fact that Coleman and Henderson were then married and practiced law together to create a genuine issue of material fact.

It should first be noted that the Court does not weigh the credibility of evidence at the summary judgment stage and all factual controversies are decided in favor of the non-moving party. However, given Coleman's declaration that she had no involvement in the

transaction (Record Document 79-4), and the undisputable facts that Henderson's signatures appear on the bottom of the second page of the HUD-1 settlement statement next to the printed words Settlement Agent (Record Document 91-2), as notary public on the Deed (Record Document 79-6), and as issuing agent on the Commonwealth policy (Record Document 79-7), Coleman's Motion for Summary Judgment should be granted. The fact that Coleman and Henderson, as husband and wife, worked for the same office, Lauren Gay Coleman, Attorney at Law LLC, supports Coleman's argument for why her name was listed as the settlement agent on the HUD-1 settlement statement and negates Netterville's argument. It was reasonable for the law firm name and the firm's address to be listed on the settlement statement as the settlement agent because Henderson, the settlement agent practiced law under the firm's name.

As indicated supra, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 2512 (1986). Here, the Court finds that Netterville has provided the Court with insufficient evidence to meet her burden and survive Coleman's Motion for Summary Judgment. Based on the evidence offered by the parties, the Court determines that a reasonable jury would not find that Coleman served as the settlement agent for the 1997 Deed. Accordingly, Coleman's Motion for Summary Judgment is **GRANTED**.

Because the Court found that Netterville failed to offer evidence that would raise a genuine issue of material fact as to whether Coleman served as the settlement agent for the 1997 Deed, there is no need for the Court to address Coleman's prescription and peremption arguments.

**CONCLUSION**

Coleman's Rule 56 Motion for Summary Judgment (Record Document 79) is **GRANTED.** All of Netterville's claims are hereby **DISMISSED WITH PREJUDICE**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 23rd day of March, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT